UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00670-MOC-DCK

| | |
|---|---|
| **DONTRELL TOWNSEND**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   ORDER |
| | ) |
| **WALMART STORES, INC.**, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 20). For the following reasons, the Motion is **GRANTED** and this case is **DISMISSED**.

**I.     Background**

On December 3, 2020, Plaintiff initiated this action by filing a "Complaint for Employment Discrimination." (Doc. No. 1). Plaintiff's Complaint appears to relate to previous allegations made by Plaintiff to the Equal Employment Opportunity Commission ("EEOC") relating to potential violations of the Americans with Disabilities Act ("ADA"). It appears that Plaintiff filed this Complaint after receiving notice from EEOC that it was unable to conclude that Plaintiff's allegations established violations, but informing Plaintiff that he had the right to seek relief by filing a lawsuit. (Doc. No. 1-1). In this Complaint, Plaintiff failed to allege any specific facts or identify any relief sought from the Court.

The Court subsequently granted leave for Plaintiff to proceed in forma pauperis and ordered Plaintiff to "add specific allegations to support his ADA claim." (Doc. No. 4). Plaintiff

-1-

filed an Amended Complaint on January 4, 2021. (Doc. No. 6). In the Amended Complaint, Plaintiff checked boxes indicating that he was alleging "discriminatory conduct," including termination, failure to accommodate, and retaliation for Plaintiff's "Developmental Disability and High Blood Pressure Disability." (Id. at 4). However, Plaintiff does not appear to have included specific factual allegations in this Amended Complaint beyond checking these boxes and indicating these disabilities.

Defendant now moves to dismiss. (Doc. No. 20). Defendant argues that Plaintiff has failed to satisfy the pleading standards of Twombly and Iqbal and should be dismissed under Rule 12(b)(6) and that Plaintiff failed to timely effectuate service of process under Rule 4. (Doc. No. 21); see also FED. R. CIV. P. 4(h), 4(m), 12(b)(6). Plaintiff has filed a response, (Doc. No. 23), and Defendant has filed a reply, (Doc. No. 24). The matter is fully briefed and ripe for disposition.

## II. Standard of Review

### a. Failure to State a Claim—Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. Christopher v. Harbury, 536 U.S. 403, 406 (2002); see FED. R. CIV. P. 12(b)(6). A complaint fails to state a claim if it either asserts a legal theory that is not cognizable as a matter of law or fails to allege sufficient facts to support a cognizable legal claim. Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

-2-

Case 3:20-cv-00670-MOC-DCK   Document 25   Filed 03/17/22   Page 2 of 6

### b.  Insufficient Services of Process—Rule 4

Rule 4(h) provides the manner in which a plaintiff must serve a corporation. FED. R. CIV. P. 4(h). If a plaintiff fails to perfect service on a corporation in the manner set forth by Rule 4(h) within the 120-day time period, the Rule provides that the court "must" dismiss the action without prejudice or order that the plaintiff perfect service within a specified time period. FED. R. CIV. P. 4(m). If, however, the plaintiff demonstrates good cause for the failure to timely serve the defendant, the court must extend the time period for plaintiff to perfect service. Id.

### c.  Liberal Construction of Pro Se Complaints

Where, as here, the plaintiff is proceeding pro se, the court must construe the complaint liberally. Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III.  Discussion

### a.  Failure to State a Claim—Rule 12(b)(6)

Plaintiff has failed to make any "specific factual allegations" of wrongdoing by Defendant in his Amended Complaint, despite being specifically ordered to do so by this Court. (Doc. Nos. 4, 6). Plaintiff has indicated that he has "Developmental Disability and High Blood Pressure Disability" and checked boxes indicating his desire to accuse Defendant of violating the ADA with respect to his disabilities through termination, failure to accommodate, and retaliation. (Doc. No. 6). But Plaintiff has failed to allege what specifically Defendants did that amounted to a violation of the ADA or make any factual allegations whatsoever.

The Court agrees with Defendant that, in order to survive a Rule 12(b)(6) motion to dismiss, a Complaint need not contain "detailed factual allegations" but must contain sufficient factual allegations to suggest the required elements of a cause of action, and "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Construing Plaintiff's Amended Complaint as liberally as possible (as is appropriate since Plaintiff is proceeding pro se), Plaintiff's checked boxes still do not rise to sufficient factual allegations and are closer to essentially alleging certain elements. The Twombly Court held that a Complaint must contain "enough facts to state a claim to relief that is plausible on its face," but Plaintiff's Complaint barely contains any facts and cannot adequately state a colorable claim for relief, let alone a "plausible" one, no matter how liberally it is construed. Id. at 570.

While the Court's Rule 12(b)(6) analysis is limited to the Plaintiff's Amended Complaint, the Court notes that Plaintiff's Response to the motion to dismiss fails to allege any specific factual allegations. Plaintiff asserts that he was "discriminated against" and that he was treated poorly, and claims to "have documents" showing evidence of his claims. (Doc. No. 23). But Plaintiff still fails to actually make any specific claims about what was done to him that amounted to discrimination, nor does Plaintiff provide the documents he alludes to that might shed light on his claims. Id.

Critically, this Court has already given Plaintiff a chance to amend his Complaint once. In its prior order, the Court clearly ordered Plaintiff to provide specific factual allegations, but he has still failed to provide any such facts in his Amended Complaint. The Court is not required to allow a plaintiff to indefinitely amend his Complaint. In sum, the Court finds that Plaintiff has

failed to meet the pleading standards of Rule 12(b)(6) and Twombly, construing his Complaint liberally because he is proceeding pro se. Therefore, this case will be dismissed.

### b. Insufficient Services of Process—Rule 4

Defendant also argues that this case should also be dismissed because services of process was insufficient. Specifically, Defendant argues that Plaintiff failed to comply with the requirements for serving a corporation in Rule 4(h) and the required deadlines for effectuating service of process in Rule 4(m). (Doc. No. 21 at 2–4).

The Court granted Plaintiff leave to proceed in forma pauperis on December 17, 2020. (Doc. No. 4). This entitled Plaintiff to the assistance by the U.S. Marshal Service to effectuate service of process in this matter. Plaintiff attempted to serve Defendant but provided a Kansas City, Missouri address that is unaffiliated with Defendant. (Doc. Nos. 8, 8-1, 9). The Court then issued an order requiring Plaintiff to respond within 20 days to determine if he was still attempting to proceed with this case. (Doc. No. 10). Plaintiff responded by letter, the Court instructed the Clerk to mail another summons form, and Plaintiff finally served properly Defendant at the correct address on December 3, 2021—exactly a year after Plaintiff initiated this action by filing his original Complaint. See (Doc. Nos. 1, 11–13).

Defendant argues that this case should be dismissed because Plaintiff failed to timely serve Defendant. (Doc. No. 21 at 4). Rule 4(m) imposes a 90-day time requirement to serve a defendant, although it permits exceptions for good cause. FED. R. CIV. P. 4(m). As Defendant notes, the 90 day period for service in this case expired on June 20, 2021 but Plaintiff did not properly effectuate service until December 3, 2021. Plaintiff failed to meet this deadline, serving Defendant an entire year after initiating this action, and has not shown "good cause" for his

-5-

Case 3:20-cv-00670-MOC-DCK   Document 25   Filed 03/17/22   Page 5 of 6

delay. Plaintiff argues in response that "Walmart did not give us the right address." (Doc. No. 23). However, Plaintiff does not provide evidence for this claim and, as Defendants argue, Defendant's address "is available to the public after reasonable inquiry." (Doc. No. 24 at 2).

Plaintiff's difficulty finding the right address for Defendant, without more, will not excuse so great a delay. Therefore, the Court finds that Plaintiff failed to meet the requirements of Rule 4(m) and that this case should dismissed on this ground as well.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion to Dismiss, (Doc. No. 20), is **GRANTED** and this case is **DISMISSED** with prejudice under Rule 12(b)(6).

Signed: March 17, 2022

Max O. Cogburn Jr
United States District Judge

-6-

Case 3:20-cv-00670-MOC-DCK   Document 25   Filed 03/17/22   Page 6 of 6